pcr

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV 9 2006
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

| | |
|---|---|
| STEVEN J. THOROGOOD, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 06 C 1999 |
| v. | Hon. Harry D. Leinenweber |
| SEARS, ROEBUCK AND CO., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steven J. Thorogood (hereinafter, "Thorogood"), on his own behalf and purportedly on the behalf of a class of all persons similarly situated, brings a suit arising out of his 2001 purchase of a clothes dryer from a Johnson City, Tennessee Sears, Roebuck and Co. (hereinafter, "Sears") store. The case was removed from the Circuit Court of Cook County pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453. Sears has moved to dismiss all Thorogood's claims. This motion is granted in part.

### I. BACKGROUND

In December 2001, Thorogood began looking for a new clothes dryer. (Pl.'s Compl. ¶ 19.) After researching various dryers, Thorogood decided to purchase a dryer with a stainless steel drum. (Id. at ¶ 20.) Dryers with stainless steel drums do not rust,

whereas dryers with drums constructed from mild steel eventually corrode and thus leave rust stains on clothes. (*Id.* at ¶¶ 13-15.) Thorogood was willing to pay more for the dryer in order to have a stainless steel drum and thus, a longer-lasting dryer. (*Id.* at ¶ 20.) In December 2001, the Johnson City, Tennessee Sears store advertised the Kenmore Dryer Model Number 417.8114200 (hereinafter, "the dryer") in in-store advertising as possessing a stainless steel drum and labeled the dryer as "stainless steel" on the front. (*Id.* at ¶¶ 20, 22.) Thorogood purchased the dryer because it purportedly had a stainless steel drum. (*Id.* at ¶¶ 21, 23.)

In Fall 2005, Thorogood discovered permanent brown rust stains on linens that had been dried in the dryer. (*Id.* at 25.) Upon inspection of the dryer, Thorogood discovered that the front portion of the drum was enameled mild steel and had corroded, causing the stains. (*Id.* at 26.) Thorogood then embarked upon an attempt to obtain a replacement drum made entirely of stainless steel, but was unable to resolve his complaints to his satisfaction despite repeated meetings with Sears technicians, complaints to Sears, a complaint with the Better Business Bureau, and a request for mediation. (*Id.* at ¶¶ 27-41.) Eventually, Thorogood filed this class action suit, alleging claims for (1) Sears's violation of the Tennessee Consumer Protection Act (hereinafter, the "TCPA"), (2) breach of express warranty under Illinois law, (3) breach of the implied warranty of fitness for a particular purpose under

Illinois law, and (4) a quasi-contractual claim of unjust enrichment. Sears now moves to dismiss all of these claims.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *Autry v. Northwest Premium Servs. Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). The motion should be granted only if the plaintiff can prove no set of facts in support of her claim which would entitle this Court to her grant her relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether the motion should be granted, a district court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002).

## III. DISCUSSION

### A. Tennessee Consumer Protection Claim

#### 1. *Particularity of Fraud Claims*

The parties agree that TCPA claims must be pled with the same particularly as common law fraud claims, and that Rule 9(b) therefore applies. *See Bell v. Infinity Data Corp.*, 2006 WL 2323133 at *4 (W.D. Tenn. Aug. 9, 2006). The purpose of Rule 9(b) is to ensure that a defendant receives fair notice of the alleged misconduct or fraudulent acts, *id.*, as well as to require the plaintiff to do more than the usual investigation before filing a complaint "in light of the great harm public charges of fraud can

- 3 -

cause to the reputation of a business. *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). A fraud claim is pled with sufficient particularity if it alleges "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff" – "the who, what, when, where, and how: the first paragraph of any newspaper story." *Daniels v. Bursey*, 313 F. Supp.2d 790, 801 (N.D. Ill. 2004)(quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990); *Zaptron (HK) Ltd. v. Air Sea Transport, Inc.*, 221 F.R.D. 482 (N.D. Ill. 2004)(quoting *Kennedy v. Venrock Associates*, 348 F.3d 584, 593 (7th Cir. 2003)).

Sears argues that Thorogood insufficiently pled because the complaint pleads "nothing but conclusory assertions and speculative inferences"; Sears basically complains that Thorogood failed to plead what sources he consulted during his research prior to December 2001, based on the assumption that he had selected the particular dryer model before entering the store. The complaint is somewhat inartfully composed – it first states that Thorogood conducted research and selected the particular dryer because it had a stainless steel drum, then specifies that he purchased that dryer in December 2001 at the Johnson City store, and only then sets forth the content of the advertisements on which Thorogood relied. (Pl.'s Compl. at ¶¶ 20-23.) The complaint appears to explain the

situation's basics in paragraph 20 and then give progressively more detail in the following two paragraphs. Because this Court must draw all reasonable inferences in the light most favorable to the plaintiff, it is loathe to assume (as Sears has) that Thorogood had decided to purchase the dryer before he saw the in-store advertisements.

Instead, this Court finds that the complaint does adequately state the perennial newspaper's "five Ws": Sears (who) made false claims that the dryer's drum was composed of stainless steel (what) in December 2001 (when) in the Johnson City store (where) via in-store advertisements and on the front of the dryer (how), and that Thorogood relied on these representations when purchasing the dryer. A one-month time frame has been found sufficiently particular by other courts. *See Ward Enterprises, Inc. v. Bang & Olufsen*, 2003 WL 22859793 at *2 (N.D. Ill. Dec. 2, 2003).

### 2. *Deceptive Acts*

Sears also argues that Thorogood fails to state a claim because the alleged advertisements and claims that the dryer had a stainless steel drum do not rise to the level of a deceptive or unfair act. Under the TCPA, a deceptive act "causes or tends to cause a consumer to believe what is false or . . . misleads or tends to mislead a consumer as to a matter of fact . . . the essence of deception is misleading consumers by a merchant's statements." *Tucker v. Sierra Builders*, 180 S.W.3d 109, 116

(2005). An act is not unfair "unless the act or practice causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." *Id.* at 116-117. A substantial injury usually involves monetary injury and consumer injury will be considered substantial "if a relatively small harm is inflicted on a large number of consumers or if a greater harm is inflicted on a relatively small number of consumers." *Id.* at 117. Consumers "cannot reasonably avoid injury when a merchant's sales practices unreasonably create . . . an obstacle to the free exercise . . . of decision-making," including withholding important information from consumers. *Id.*

Sears argues that because Thorogood admits that most of the dryer's drum was indeed composed of stainless steel, its advertisements were not deceptive or unfair - either because consumers would presume that only part of the drum was stainless steel or because the advertisement was unlikely to cause substantial injury. Thorogood pleads that Sears' advertised and labeled the dryer as possessing a stainless steel drum, but that the drum was, in fact, partially composed of mild steel. Thorogood also pleads that "consumers understand, and are intended to understand, that the term 'stainless steel drum' means a drum composed entirely of stainless steel" and indicates that he (and others) paid a higher price for the dryer because it supposedly had

a stainless steel drum. (Pl.'s Compl. at ¶¶ 16, 20). Drawing all inferences in the light most favorable to the plaintiff, this Court cannot find that Thorogood has failed to plead a deceptive or unfair act by Sears.

### B. Breach of Warranty Claims

Sears argues that Thorogood's two breach of warranty claims are barred by the statute of limitations because more than four years had elapsed between December 2001, when Thorogood purchased the dryer, and March 2006, when he filed this suit. Illinois law provides a four-year statute of limitations on UCC-governed actions for breach of warranties, and provides that the breach of warranty occurs upon tender of delivery. *See* 810 ILCS 5/22-725; *Beckmire v. Ristokrat Clay Products Co.*, 343 N.E.2d 530, 532 (Ill. Ct. App. 1976). Where a warranty "explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." 810 ILCS 5/22-725. Thorogood concedes that the four-year statute of limitations applies, and does not argue that the warranty explicitly extended to future performance of the goods. As such, the statute of limitations ran in December 2005.

Instead, Thorogood contends that the "unique circumstances" of his claim merit this Court's extension of the discovery rule (which postpones the starting point of the statute of limitations until

the injured party knows or should have known of the injury) to the warranties. Basically, Thorogood argues that he could not have known that the drum was partially composed of mild steel until the mild steel had had time to corrode with use, and therefore, the statute of limitations should not have started to run until Fall 2005 when the discovery was made. Thorogood cites no UCC cases in support of this argument, and instead invokes the policy arguments behind the discovery rule. In *Beckmire*, 343 N.E.2d at 532, the plaintiff argued that the nature of the product (housing brick) meant that it should have lasted longer than it did and the discovery rule should apply. The court, however, concluded that absent an explicit guarantee that the brick would last longer than four years, the court would apply the statute of limitations as required by statute. *Id.* Apparently, the plaintiff's "expectation, however reasonable, that due to the nature of a particular product the statute of limitations on the warranty begins to run upon discovery of the defect is not an adequate basis for ignoring the clear language of the statute." *Id.* Thus, *Beckmire* suggests that Thorogood's circumstances are not so unique, and that the statute's literal foreclosure of the discovery rule's application has precluded other suits where the product would have been expected to last more than four years and where the plaintiff could not have been aware of the breach of the warranty for a

prolonged period of time. Absent better justification, this court will not extend the discovery rule as Thorogood requests.

Thus, this Court dismisses as time-barred the two breach of warranty claims, and need not address arguments as to the merits of these claims.

### C. Unjust Enrichment Claim

As an initial matter, this Court must address whether Illinois or Tennessee law applies to Thorogood's unjust enrichment claims. Both parties appear uncertain on this point, but only Thorogood makes any attempt to address it (and he does so only in a footnote). Because this Court's jurisdiction over this case rests entirely on diversity under 28 U.S.C. § 1332(a), Illinois choice of law rules apply. *Del Monte Fresh Produce N.A., Inc. v. Transportation Ins. Co.*, 2006 WL 2331144 at * 4 (N.D. Ill. Aug 8, 2006). Where the application of relevant state law would not produce different results, however, a court need not engage in choice of law analysis and should apply the law of the forum state. *Jean v. Dugan*, 20 F.3d 255, 260 (7th Cir. 1994); *Fararo v. Sink, LLC*, 2004 WL 635062 at *3 (N.D. Ill. Mar. 30, 2004). The parties do not dispute that Illinois' and Tennessee's substantive unjust enrichment law is "virtually identical" (to quote Sears's brief); thus, this Court will apply Illinois law.

To state a claim for unjust enrichment under Illinois law, a plaintiff "must allege that the defendant has unjustly retained a

benefit to the plaintiff's detriment, and that the defendant's retention of that benefit violates fundamental principles of justice, equity, and good conscience." *Firemen's Annuity & Benefit Fund of City of Chicago v. Municipal Employees', Officers', and Officials' Annuity & Ben. Fund of Chicago*, 579 N.E.2d 1003, 1007 (Ill. Ct. App. 1991). Unjust enrichment is an equitable remedy based on a contract implied in law and is thus available only when there is no adequate remedy at law. *Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. Ct. App. 2005). Thus, where a contract governs the parties' relationship, the doctrine of unjust enrichment has no application. *Id.* A party may, however, plead in the alternative, and thus plead claims for breach of contract as well as unjust enrichment based in tort. *Id.* Where unjust enrichment claims incorporate by reference allegations of the existence of a contract between the parties, courts will dismiss the unjust enrichment claim. *Purizer Corp. v. Battelle Memorial Institute*, 2002 WL 22014 (N.D. Ill. Jan. 7, 2002)(dismissing unjust enrichment claim because it incorporated by reference allegations of existing contracts); *Guinn*, 836 N.E.2d at 704 (where plaintiff based unjust enrichment claim on tort, but incorporated by reference allegations of a contract governing parties' relationship, unjust enrichment claim properly dismissed), *but see American Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*, 2004 WL 3363844 (N.D. Ill. Dec 28, 2004)("while plaintiff can plead unjust

enrichment in the alternative to a breach of contract claim, for it to be offered in the alternative to the contract claim it may not allege the existence of a contract governing the parties' relationship"; yet court allowed unjust enrichment claim, based in tort, that incorporated allegations of contracts).

Thorogood argues that the complaint alleges unjust enrichment on the basis of Sears' fraud. Sears contends that although Thorogood pleads in the alternative, he has incorporated by reference the allegations of a contractual express warranty between himself and Sears and has attached his Better Business Bureau complaint report which also specifically mentions that the dryer was subject to a one year contractual warranty. Sears also argues that this case is strikingly similar to *Shaw v. Hyatt International Corp.*, 2005 WL 2088438 (N.D. Ill. Nov. 15, 2005). In *Shaw*, 2005 WL 2088438 at \*3, the plaintiff had booked a hotel room at a particular price, but was charged at a different rate upon checkout despite the representation at booking that the price paid would be that agreed to. *Id.* at \*3. Although the plaintiff alleged that the unjust enrichment was based in tort the contractual agreement was central to the plaintiff's tort claims, this Court came to the "inescapable conclusion that the present dispute arises out of an express contract." Because the unjust enrichment claim incorporates by reference the allegations of a valid contract and because this Court again comes to the "inescapable conclusion" that

the dispute arises out of an express contract, this Court dismisses the claim.

### IV. CONCLUSION

For the reasons stated herein, Sears' Motion to Dismiss is **granted** as to Thorogood's warranty and unjust enrichment claims, but **denied** as to his TCPA claim.

**IT IS SO ORDERED.**

／s／ Harry D. Leinenweber
Harry D. Leinenweber, Judge
United States District Court

Dated: November 9, 2006