IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN THOROGOOD, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SEARS, ROEBUCK AND CO.,<br><br>        Defendant. | Case No. 06 C 1999<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This is a putative class action brought by Stephen J. Thorogood (hereinafter, "Thorogood"), a purchaser of a clothes dryer from a Johnson City, Tennessee, Sears store against Sears, Roebuck and Co. (hereinafter, "Sears"). Thorogood contends that the dryer's drum was represented by Sears to be made of stainless steel but this representation was false because a portion of the drum was made of corrodible mild steel. Sears has previously filed a Rule 12(b)(6) Motion to Dismiss all of Thorogood's claims which the Court granted in part, dismissing his warranty and unjust enrichment claims, but denying the Motion as to his claim made pursuant to the Tennessee Consumer Protection Act. Tenn.Code Ann. § 47-18-101, *et seq*. Thorogood has now moved to certify a class of purchasers of the allegedly falsely advertised Sears models who

reside in states that have consumer protection statues, similar to Tennessee's, that provide a private cause of action for unfair and deceptive practices that cause an ascertainable loss and are based on the Federal Trade Commission Act. The allegations of the Complaint were set out in detail in the Court's previous Memorandum Opinion and will not be repeated here. *See Thorogood v. Sears, Roebuck and Co.*, 2006 WL 3302640 (N.D.Ill., November 9, 2006).

## II.  DISCUSSION

Thorogood argues that the Motion for Class Certification should be granted because Rule 23(a)'s prerequisites are met: Hundreds of thousands of dryers were sold by Sears to a multitude of purchasers (Numerosity), subject to the same false representation that the dryer contained a drum that was made of stainless steel rather than a combination of stainless steel and corrodible mild steel (Common Questions of Law and Fact); that Mr. Thorogood's claim is typical of the class (Typicality); and that he and his counsel will adequately represent the class (Adequacy of Representation). He also argues that the proposed class satisfies Rule 23(b)(3)'s requirements that common questions of law and fact predominate and that class treatment is a superior method to other available methods for the fair and efficient adjudication of the controversy.

Sears makes a wholesale attack on Thorogood's certification motion, denying that there is numerosity, commonality, typicality,

and adequacy of representation, as well as predomination and superiority. Moreover, Sears argues that the Tennessee Act is limited to individual claims and does not allow class action suits and even if it did Thorogood would not be a member of the class because of statute of limitations grounds. Sears' numerosity argument can be flatly rejected as it is really an argument that the class lacks commonality. Thorogood has shown that thousands of individuals purchased Sears clothes dryers that were allegedly falsely advertised as having a stainless steel drum. Thus, numerosity is clearly established.

Sears attacks commonality in both its Rule 23(a) and 23(b)(3) arguments based on its contention that there are numerous and substantial variations of facts of the individual claims and of the laws of the individual states. Thorogood identifies what he believes to be three common factual questions: (1) whether Sears representation that the drums on its dryers were stainless steel constituted a commission of a material fact; (2) whether Sears had any basis to represent that the drums were stainless steel; and (3) whether the practice complained of constituted an unfair and deceptive business practice. Sears essentially argues that Thorogood cannot prove that Sears made any common representation to the class members or that the members relied upon them. However, Thorogood argues that he can show that each class member was subject to the same uniform representations, *e.g.*, each dryer had

imprinted the "stainless steel" representation, in-store advertising represented that the drums were stainless steel, the parts manual and warranty represented the dryer drum as being made of stainless steel, as did the Sears website. Sears does not present any counter evidence that would show that the drums were, in fact, represented as made in part of corrodible mild steel or that any of the Sears' stores varied from the above described advertising and consumer information. *See, Arenson v. Whitehall Convalescent and Nursing Home, Inc.*, 164 F.R.D. 659, 665 (N.D. Ill., 1996). Thus, where there is a uniformity of or standard written representations the court can presume individual reliance. *Id.* at 82; *Peterson v. H & R Block Tax Services, Inc.*, 174 F.R.D. 78, 83 (N.D.Ill., 1997) (Availability of rapid refund loans); and *Garner v. Healy*, 184 F.R.D. 598 (N.D.Ill., 1999) (Whether Turtle Wax was a wax).

With regard to whether the Tennessee Act allows class certifications, as shown by Thorogood, there is a split of authority in Tennessee and the only precedent found in the Seventh Circuit came down on the side of allowing class actions. *In re Bridgestone/Firestone Inc. Tires Product Liability Litigation*, 205 F.R.D. 503 (S.D.Ind., 2001), Rev'd on other grounds, at 288 F.3d 1012 (7th Cir. 2002). In that case the district court cited *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct 2545, 2557 (U.S. Hawai'i 1979) for the proposition that many statutes speak in terms

of individual plaintiffs but nevertheless allow class relief if the terms of Rule 23 are met. *Bridgestone/Firestone*, 205 R.F.D. at 514, and held that the Tennessee Act does allow class actions. While *Bridgestone/Firestone* was reversed on appeal to the Seventh Circuit, the reversal was not on the basis of whether the Tennessee Act allowed class actions, but that under the facts of that case, a nationwide class action was not warranted. The allegations were that certain tires contained a defect while others did not and that alleged defects could well react differently in different states. Here the issue is much simpler. Did Sears falsely advertise its dryers as being stainless steel when they were not? So the Seventh Circuit *Bridgestone/Firestone* decision does not undercut the district court decision relative to the Tennessee Act. Moreover, Rule 23 is a procedural statute and under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (U.S.N.Y. 1938) which would trump a state law to the contrary.

Sears further argues that their motion lacks a commonality of legal questions because the state consumer protection statutes contain many variations. It lists six: (1) availability of class action procedure, (2) existence of notice requirements, (3) availability of jury trials, (4) statute of limitations, (5) availability of treble damages, and (6) venue variations. However, state law variations that are of a procedural nature are not binding on a federal court under *Erie R. Co. v. Tompkins*, 304 U.S.

64 (U.S.N.Y. 1938). Rather the Federal Rules of Civil Procedure apply as provided by the Rules Enabling Act, 28 U.S.C. § 2072. "[T]he *Erie* doctrine applies to any case [diversity or non-diversity] in which state law supplies the rule of decision." *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Company, Inc.*, 313 F.3d 385, 390 (7th Cir. 2002). The substantive right is the right to sue. The right to bring a class action, the statute of limitations, treble damages and venue are all matters of procedure that do not implicate the basic right to sue but how you go about it. *Mace v. Van Ru Credit Corp.*, 109 F.3d. 338, 346 (7th Cir. 1997).

Sears' argument against typicality consists of its contention that Thorogood is not a member of the class because he purchased his dryer outside the limitation period. Sears, however, believes that somehow the class period begins at the present rather than on the date Thorogood filed his complaint which was March 9, 2006. The claim period, however, begins five years prior to the filing date. Thus, the class period begins as of March 9, 2001, which is more than five months before Thorogood purchased his dryer on November 23, 2001. Thus, his claim is typical of the class.

Although Sears disputes the adequacy of Thorogood and his counsel because of alleged lack of typicality and the failure to prosecute this suit efficiently, the Court finds that they have

been diligent in presenting the case and they have adequate experience to handle cases of this sort.

The final issue is whether the requirements of Rule 23(b)(3) are satisfied. The Court has already found that there are common issues of law and fact. However, Sears argues that they do not predominate. It argues that the issue of reliance is individual and therefore cannot be determined on a class wide basis. However as shown above, Sears, at least for this motion, has not countered Thorogood's showing that Sears marketed its dryers on a uniform, standard basis. Therefore, as in *Garner*, which also certified a nationwide class, reliance can be presumed. *Garner*, 184 R.F.D. at 602; *Rohlfing v. Manor Care Inc.*, 172 F.R.D. 330 (N.D.Ill., 1997). Thus, the class as proposed by Thorogood can adequately be handled in a class action setting because, the case comes down to whether or not Sears improperly represented that the dryer drum was stainless steel when it was a combination of stainless steel and corrodible mild steel and, if so, whether the class members suffered an ascertainable loss, *i.e.*, the premium, if any, that was paid to obtain the stainless steel drum. The premium would not be great (Sears claims it is non-existent) so that a multitude of individual lawsuits seeking to recover it would be extraordinarily wasteful in judicial resources. Thus, the class action is a superior method of resolving this dispute.

### III. CONCLUSION

For the reasons stated herein, the Court hereby grants Plaintiff's Motion for Class Certification. The Court certifies a class defined as:

All persons residing in the following states:

Alaska, California, Connecticut, the District of Columbia, Florida, Hawaii, Idaho, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, New Hampshire, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, Tennessee, Texas, Vermont, Washington, West Virginia or Wisconsin;

who purchased one of the following models of Kenmore dryer:

417.69042990, 417.69052990, 417.79042990, 417.79052990, 417.80042990, 417.80052990, 417.80142000, 417.81042000, 417.81052000, 417.81142000, 417.82042100, 417.82052100, 417.82142100, 417.83042200, 417.83042201, 417.83042300, 417.83052200, 417.83052201, 417.83142200, 417.83142201, 417.83142300, 417.84072300, 417.84082500, 417.84092500, 417.90042990, 417.90052990, 417.90142000, 417.91042000, 417.91052000, 417.91142000, 417.92042100, 417.92052100, 417.92142100, 417.93042200, 417.93042202, 417.93042203, 417.93042300, 417.93052200, 417.93052201, 417.93052202, 417.93052203, 417.93142200, 417.93142201, 417.93142202, 417.93142203, 417.93142300, 417.94072300, 417.94072301, 417.94082500, or 417.94092500;

in the previous five years.

**IT IS SO ORDERED.**

  Harry D. Leinenweber, Judge
  United States District Court

**DATE:** November 1, 2007

- 8 -