# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN J. THOROGOOD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SEARS, ROEBUCK AND CO., <br><br> Defendant. | Case No. 06 C 1999 <br><br> Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment. Although Defendant moved on several grounds, the only issue fully briefed by the parties and addressed in this memorandum relates to Defendant's argument that Plaintiff's claim is barred by the limitations provision of the Tennessee Consumer Protection Act. For the following reasons, Defendant's Motion is denied with respect to that issue.

### I.  BACKGROUND

Plaintiff brings a claim under the Tennessee Consumer Protection Act (the "TCPA") against Defendant Sears, Roebuck and Co. ("Sears") in connection with a dryer Plaintiff purchased in November 2001 at a Sears retail store. Plaintiff alleges that the dryer was labeled and marketed as "stainless steel" but the dryer drum was not 100% stainless steel and left rust stains on his

clothing.  Plaintiff brought a claim against Sears under the TCPA for unfair or deceptive acts or practices and Sears moved for summary judgment on July 6, 2007.  As stated above, this memorandum addresses only Sears' argument that Plaintiff's TCPA claim is barred by that Act's limitations provision, specifically, its statute of repose.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Intern.-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir., 2000).  In ruling on a summary judgment motion, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372 (2007).  A genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record.  *See Insolia v. Phillip Morris Inc.*, 216 F.3d 596, 599 (7th Cir., 2000).

## III. DISCUSSION

### A. Waiver

Plaintiff contends that Sears waived any defense based on the TCPA's limitations provision by not asserting in its Answer any

affirmative defense that Plaintiff's claim is time-barred. Plaintiff is incorrect. Sears' Ninth Defense set forth in its Answer states, "Plaintiff's claims, and those of the putative class, may be barred in whole or in part by the statute of limitations." Thus, Sears did not waive the TCPA's limitations provision as an affirmative defense.

### B. Applicable Statute of Limitations.

Plaintiff contends that his TCPA claim is not subject to the limitations provision of the TCPA, but rather is subject to the statute of limitations set forth in the Illinois Consumer Fraud and Deceptive Business Practices Act, the Illinois statute most analogous to the TCPA. A federal court sitting in diversity applies the statute of limitations which would be applied by the state in which the federal court sits. *See Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 707 (7th Cir., 2004); *Hollander v. Brown*, No. 05-57, 2005 WL 1563125, at *2 (N.D.Ill., June 28, 2005). Although an Illinois court would apply Tennessee substantive law to Plaintiff's TCPA claim, Illinois treats the statute of limitations as a procedural matter for choice of law purposes and applies the Illinois statute of limitations to claims filed in Illinois. *See Kalmich v. Bruno*, 553 F.2d 549, 553 (7th Cir., 1977); *Telular Corp. v. Mentor Graphics Corp.*, 282 F.Supp.2d 869, 870 (N.D.Ill., 2003).

The Illinois borrowing statute represents an exception to this rule and compels an Illinois court to borrow the limitations period

of the state in which the cause of action arose when none of the parties are Illinois residents and the foreign limitations period is shorter than that of Illinois. *LeBlanc v. G.D. Searle & Co.*, 533 N.E.2d 41 (Ill.App.Ct., 1988). The Illinois borrowing statute, entitled "Foreign limitation" states:

> When a cause of action has arisen in a state or territory out of this State, or in a foreign country, and, by the laws of thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State.

735 ILCS 5/13-210.

Here, Plaintiff is a Tennessee resident, the action arose in Tennessee where Plaintiff bought the dryer, and Plaintiff brings his claim pursuant to Tennessee law. Sears is a New York corporation and therefore a resident of New York for purposes of the borrowing statute. *See Hollinger Intern., Inc. v. Hollinger Inc.*, No. 04-0698, 2005 WL 589000, at *26 (N.D.Ill., Mar. 11, 2005); *Telular*, 282 F.Supp.2d at 872, citing *LeBlanc*, 533 N.E.2d 41. The TCPA has a two-year statute of limitations and a five-year statute of repose. Tenn. Code § 47-18-110. The Illinois Consumer Fraud Act would impose a three-year statute of limitations and no statute of repose on Plaintiff's claim. 815 ILCS 505/10a(e). The TCPA thus has a shorter limitations period and, because neither party is an Illinois resident and the action arose in Tennessee, the Illinois borrowing statute compels the Court to apply the

limitations provisions of the TCPA, including its statute of repose, to Plaintiff's claim.

### C. The TCPA's Statute of Repose Period.

The Court now turns to the current limitations provision of the TCPA which was in place when Plaintiff filed suit. That provision states:

> Any action commenced pursuant to § 47-18-109 shall be brought within one (1) year from a person's discovery of the unlawful act or practice, but in no event shall an action under § 47-18-109 be brought more than five (5) years after the date of the consumer transaction giving rise to the claim for relief.

Tenn. Code § 47-18-110. Thus, the current statute of repose period for TCPA claims is five years. However, when Plaintiff purchased his dryer in November 2001, the TCPA limitations provision provided for a four-year statute of repose period. The Tennessee legislature extended the TCPA's statute of repose period from four to five years pursuant to an amendment that became effective on January 1, 2003.

Sears argues that Plaintiff's claim is barred by the TCPA's four-year statute of repose period which was in effect at the time Plaintiff purchased his dryer in 2001. Plaintiff argues conversely that his claim is subject to the five-year statute of repose period that went into effect with the 2003 amendment and was in place at the time he filed suit. Plaintiff brought his TCPA claim in March 2006, nearly four and a half years after purchasing the dryer.

Thus, if Sears' argument is correct, Plaintiff's claim is barred by the TCPA's statute of repose but if Plaintiff's argument is correct, his claim is timely.

The question is whether the Court should give the 2003 amendment to the TCPA's limitations provision retrospective application to Plaintiff's claim. Generally, "when a statute creates a new right, takes away a vested right, or impairs contractual obligations, its retrospective application is constitutionally forbidden." *Collier v. Memphis Light, Gas & Water Div.*, 657 S.W.2d 771, 775 (Tenn.Ct.App., 1983) (citations omitted). However, Tennessee courts recognize that a defendant does not have a vested right to be free from suit until a statute of limitations or a statute of repose period expires. *Wyatt v. A-Best Products Co.*, 924 S.W.2d 98, 104 (Tenn.Ct.App., 1995); *Graves v. Grady's Inc.*, 906 S.W.2d 463, 466 (Tenn.Ct.App., 1995); *Merchants Bank v. Stratton,* 1986 WL 8997, at *1 (Tenn.Ct.App., 1986); *Watts v. Putnam County*, 525 S.W.2d 488, 492 (Tenn.Ct.App., 1975).

Here, before the 2003 amendment, Sears would not have had a vested right to be free from suit by Plaintiff until November 2005, four years after he purchased the dryer. Because the TCPA limitations period was amended before that time, retrospective application of the 2003 amendment to Plaintiff's claim does not take away any vested right belonging to Sears. Consistent with this finding, numerous Tennessee courts have recognized, although

without discussion, that the TCPA's five-year statute of repose period applies to transactions occurring in the four years prior to the 2003 amendment. *See Roberson v. Medtronic, Inc.*, 494 F.Supp.2d 864, 871-72 (W.D.Tenn., 2007); *Ward Adventures, LLC v. Buddy Gregg Motor Homes, Inc.*, No. 3:05-236, 2007 WL 869619, at *5 (E.D.Tenn., Mar. 20, 2007); *Carr v. Home Tech Co., Inc.*, 476 F.Supp.2d 859, 872 (W.D.Tenn., 2007); *Johnson v. Equity Title & Escrow Co. of Memphis, LLC*, 476 F.Supp.2d 873, 886 (W.D.Tenn., 2007); *Ooltewah Mfg., Inc. v. Country Coach, Inc.*, No. 05-221, 2005 WL 2671126, at *3 (E.D.Tenn., Oct. 18, 2005); *Liggett v. Brentwood Builders, LLC*, No. M2007-00444, 2008 WL 836115, at *4 (Tenn.Ct.App., Mar. 27, 2008). Accordingly, Plaintiff is afforded the benefit of the 2003 amendment and his claim is not barred by the TCPA's statute of repose.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment is DENIED with respect to Defendant's argument that Plaintiff's claim is barred by the TCPA statute of repose.

**IT IS SO ORDERED.**

	Harry D. Leinenweber, Judge
	United States District Court

**DATE:** 3/11/2009