# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **STEVEN J. THOROGOOD,** | Case No. 06 C 1999 |
| Plaintiff, | |
| v. | Hon. Harry D. Leinenweber |
| **SEARS, ROEBUCK AND CO.,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court pursuant to the Seventh Circuit's directive to issue Defendant Sears, Roebuck and Co. (hereinafter, "Sears") an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651. *Thorogood v. Sears, Roebuck & Co.*, 624 F.3d 842 (7th Cir. 2010) (hereinafter, "*Thorogood III*"). The parties disagree as to the terms of the injunction and have submitted briefs on the issue. For the reasons contained herein, this Court will enter Sears' Proposed Order granting it a permanent injunction, in the record as Exhibit H to Sears' Reply Brief.

### I. BACKGROUND

The instant lawsuit, formerly a 29-jurisdiction class action complaint against Sears, has taken a tortured path through the judicial system. The suit was brought by Plaintiff Steven J. Thorogood ("Thorogood"), who alleged that Sears misled its customers by advertising its Kenmore dryers as containing stainless

steel drums, when, in fact, part of the drum was made of ceramic-coated "mild" steel. After this Court certified the class, the Seventh Circuit reversed, finding that there were no common questions of law and fact so as to allow class treatment of the claims. *Thorogood v. Sears, Roebuck and Co.*, 547 F.3d 742, 746–47 (7th Cir. 2008) ("*Thorogood I*").

On remand to this Court, Sears sought to dismiss Thorogood's individual claim based on its $20,000 offer of judgment, and this Court granted the motion. The Seventh Circuit affirmed. *Thorogood v. Sears, Roebuck and Co.*, 595 F.3d 750 (7th Cir. 2010) ("*Thorogood II*"). Subsequently, Martin Murray ("Murray"), an unnamed member of the class, brought a new suit in California based on largely the same allegations. That suit, filed by the same attorneys who represented Thorogood, named Sears and Electrolux Home Products, Inc. ("Electrolux"), the manufacturer of the clothes dryers.

Sears filed a Motion in this Court seeking to enjoin that suit, as well as any other class action suits based on the same allegations and brought by members of the decertified class and their lawyers. After this Court denied the motion, the Seventh Circuit reversed, finding that the defense of collateral estoppel would not adequately protect Sears from what it described as "vexatious litigation." *Thorogood III*, 624 F.3d at 850. In fact, the district judge in California hearing Murray's case, after first

determining that collateral estoppel barred the suit, ultimately rejected that defense and ordered Sears to respond to what the Seventh Circuit described as "extravagant discovery requests." *Id.* at 851. The Seventh Circuit noted, "[i]f the refusal to enjoin Murray's suit sticks, there is nothing standing in the way of [class counsel's] filing carbon-copy class actions against Sears in other states as well." *Id.* at 850. Because there is no way for Sears to recoup its discovery expenses in Murray's suit, or the cost of pursuing preclusion defenses in the other class action suits the appeals court was sure would follow, the Seventh Circuit held that an injunction was warranted. *Id.* at 851.

All that is left is for this Court to work out the details of that injunction. The parties have submitted proposed orders to this Court. Unsurprisingly, they disagree as to the breadth and phrasing of the injunction. The primary areas of dispute are whether the injunction should be broad enough to encompass class action claims against Electrolux and whether former members of the class should be allowed to pursue class-wide discovery against Sears as a non-party. Additionally, Sears has moved to file under seal a document titled "Universal Terms and Conditions" ("UTC"), which reflects Electrolux's obligations to indemnify Sears for Sears' representations regarding the dryers. Thorogood opposes the motion to file the document under seal.

## II. ANALYSIS

In issuing its ruling, the Seventh Circuit directed this Court to look for guidance to similar injunctions granted in *In re Bridgestone/Firestone Tires Products Liab. Litig.*, 271 F.Supp.2d 1080 (S.D. Ind. 2003), *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 360-361 (3d Cir. 2001) and *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983). The Court has reviewed those rulings.

### A. Claims Against Electrolux and Discovery from Sears

Thorogood interprets the Seventh Circuit's ruling as allowing Murray's suit against manufacturer Electrolux to proceed, while Sears argues that the injunction should cover "*all class action suits* challenging representations, in Sears existing advertising, labeling, and other marketing that the stainless steel drums in Kenmore dryers are made of stainless steel." Def.'s Rep. at 3-4 (quoting *Thorogood III*, 624 F.3d at 853) (emphasis added). At issue is the observation from the Seventh Circuit in *Thorogood III* that Electrolux "is not a party to the proceeding under the All Writs Act or to this appeal and is therefore entitled to no relief." *Thorogood III*, 624 F.3d at 852. Arguing that this admonition means that class claims against Electrolux should not be foreclosed by the injunction, Thorogood proposes the following language:

> Any and all members of the class defined in and certified by this Court's November 1, 2007 Memorandum Opinion and Order (ECF No. 80) and decertified by *Thorogood I* (thereinafter "Class Members"), their attorneys and anyone acting on behalf of or in concert or participation with any of them are restrained and permanently enjoined from litigating or relitigating, — whether by commencing, filing, continuing, or intervening in any lawsuit, complaint, or cause of action in any jurisdiction — on a class-wide basis any claims for damages, or for any recovery or relief whatsoever, in contract, in tort or in equity, under statute, or otherwise, arising out of representations, advertising, labeling or other marketing regarding or relating to the stainless-steel composition of dryer drums for the Kenmore dryer models involved in the instant action (hereafter "Kenmore Dryers") *against Sears, Roebuck and Company only*.
>
> Pl.'s Resp., Ex. A., ¶1. (emphasis added).

Sears, by contrast, asks the Court to order that:

> [a]ny and all members of the class defined in and certified by this Court's November 1, 2007 Memorandum Opinion and Order (ECF No. 80) and decertified by *Thorogood I* (hereinafter "Class Members"), their attorneys and anyone acting on behalf of or in concert or participation with any of them are restrained and permanently enjoined from litigating or relitigating — whether by commencing, filing, continuing, or intervening in any lawsuit, complaint or cause of action in any jurisdiction — on a class-wide basis any claim for damages, or for any recovery or relief whatsoever, in contract, in tort or in equity, under statute, or otherwise, arising out of representations, advertising, labeling or other marketing regarding or relating to the stainless-steel composition of dryer drums for the Kenmore dryer models involved in the instant action (hereinafter "Kenmore Dryers").
>
> Def's Rep., Exh. H., ¶ 1.

Sears' argument is based on the fact that Electrolux is obligated to indemnify Sears for any damages related to the marketing of the dryers by the terms of the UTC. Sears contends that although not a party to this case, Electrolux is a "real party in interest." Additionally, Sears' proposed injunction would prohibit Murray or anyone else proceeding on a class basis from obtaining discovery from Sears regarding the company's representations about the stainless steel composition of the dryer drums. Def's Rep., Exh. H., ¶ 2. Class members would be allowed to bring class claims against Electrolux, "except to the extent such claims challenge representations or omissions in Sears' existing advertising, labeling, and other marketing that the stainless steel drums in Kenmore dryers are made of stainless steel." Def's Rep., Exh. H., ¶ 3.

Sears notes that in the California action, Murray's attorneys (the same attorneys as in this case) have said that regardless of their ability to pursue a claim against Sears, they are entitled to class discovery against Sears as a third-party retailer in pursuit of their claim against Electrolux. Specifically, counsel recently told the Court in California:

> [D]iscovery of the representations and omissions of material fact made by Sears in the advertising of and the substantiation of the character, benefit, quality and performance claims for the subject and comparable products related to the purported stainless steel drum is necessary to establish the basis of class-wide liability against

> Electrolux, as the manufacturer, in placing a ready-made instrument of deception in the hands of Sears, as the retailer, to dupe the putative class members and buying public.

Def.'s Mem. in Support of Injunction, Ex. E, pg. 16. (Second Supplemental Joint Case Management Statement in *Murray v. Sears, Roebuck & Co., et al.*, C-09-5744-CW).

The problem, Sears contends, is that the only basis for Murray's claims against Electrolux is the same advertising and marketing by Sears at issue in this case. As such, allowing Murray and his lawyers to continue to burden Sears with class-wide discovery concerning that issue would defeat the purpose of the injunction and circumvent the ruling in *Thorogood III*. After reviewing Murray's First Amended Complaint and the parties' filings, the Court agrees that Murray's claims against Electrolux are derivative of his claims against Sears. It was Sears that made the representations at issue, although Murray alleges those representations were based on information furnished by Electrolux.

First, any injunction should not allow class-wide discovery from Sears related to its advertising or representations regarding the composition of the dryer drums. Based on the representations of Murray's counsel to the California court, it is clear that if his class action suit against Electrolux is allowed to continue, his attorneys plan to seek the same discovery from Sears as they would have if Sears itself were the defendant. No matter what it is called — third-party discovery, non-party discovery — by any

name the Seventh Circuit has held that this amounts to irreparable harm. *Thorogood III*, 624 F.3d at 851. Thorogood contends the All Writs Act does not contemplate a bar on discovery, but that argument was explicitly rejected in *Prudential*. *Prudential*, 261 F.3d at 368. There, the court held that the All Writs Act gives district courts the power to enjoin state court discovery to protect the integrity of federal judgments. *Id.* (citing *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1203 (7th Cir. 1996)). As such, the Third Circuit approved an injunction that forbade policyholders who were part of a class action settlement from "engaging in motion practice, pursuing discovery, presenting evidence or undertaking any other action in furtherance [of their state court action] that is based on, relates to or involves facts and circumstances underlying the Released Transactions in the Class Action." *Id.* at 362. The Third Circuit held that the policyholders could pursue their claims regarding policies they had excluded from the settlement agreement, but they would have to do so without discovery of evidence related to the allegations in the class action complaint. *Id.* at 368. Although *Prudential* involved an injunction against state-court discovery and the Murray suit is pending in federal court, the principle is the same. To allow class-wide discovery of Sears on this issue would undermine the ruling in *Thorogood III*.

The next question, then, is whether the focus of the injunction should be on the issues that were litigated and decided in the previous *Thorogood* rulings, or on the identity of the parties. Although none of the cases to which the Seventh Circuit directed this Court's attention directly address the issue, they do provide helpful guidance. These injunctions are couched in terms of the issues decided in the prior case, not the specific parties involved. *See Prudential*, 261 F.3d at 361 (barring class members from "any lawsuit in any jurisdiction based on or related to the facts and circumstances underlying the claims and causes of action in this lawsuit";) *Wood*, 705 F.2d at 1523 n.7 (barring plaintiff from "seeking adjudication of the factual and legal issues adjudicated and dismissed with prejudice" in certain earlier cases); *see also Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1012 (8th Cir. 2002), *abrogation on other grounds recognized by Arkansas Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 821–22 (8th Cir. 2009) (barring plaintiffs from pursuing suit against "multiple unrelated defendants in any court based upon the same allegations" as those raised in a prior suit).

The issue determined by the Seventh Circuit was that no common issues of law and fact allowed certification of a class in regard to Sears' claims about the dryers. *Thorogood I*, 547 F.3d at 747; *see Thorogood III*, 624 F.3d at 845 (describing it as "well-nigh inconceivable that the other members of the class had the same

understanding of Sears' advertising as Thorogood claimed to have."). There is not any indication in any of the Seventh Circuit's rulings that this conclusion depends on the party sued over these representations. It is correct, of course, that *Thorogood III* makes it clear that Electrolux is not entitled to relief. *Thorogood III*, 624 F.3d at 852. In keeping with that requirement, the Court makes it clear that only Sears has the power to apply to this Court for a contempt order if this injunction is violated.

However, an injunction is not invalid merely because it may benefit non-parties. *See Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501-02 (9th Cir. 1996) (noting that injunctions are not necessarily overbroad where they extend relief to a non-party if the scope of the injunction is necessary to give the prevailing party the relief to which it is entitled). Here, the Court finds that Sears would invariably be drawn into the defense of any class-action lawsuit regarding its marketing of the dryers as containing stainless steel drums, regardless of what party is named as a defendant. This would defeat the purpose of the Seventh Circuit's ruling in *Thorogood III* and prevent Sears from receiving the full measure of relief ordered by the Seventh Circuit. Murray and the other members of the class are free to pursue on a class basis claims against Electrolux not related to Sears' marketing of the dryers, but they may not use a suit against

Electrolux as a back-door method of evading the Seventh Circuit's ruling in *Thorogood III*.

**B. Other Issues Pertaining to Phrasing of Injunction**

The proposed injunction submitted by Sears reflects the Seventh Circuit's requirements: (1) that no unnamed class members may be punished for contempt until and unless they are served with a copy of the injunction; (2) that no class members are precluded from filing individual suits regarding the composition of the dryer drums; and (3) that class members may bring class actions relating to materially different representations about the dryers than the ones at issue here. These points were agreed to by the parties, but there is one final point of contention.

The Seventh Circuit noted in its ruling that the injunction in this case must reflect that the order can be modified pending the outcome of *Smith v. Bayer Corp.*, No 09-1205, 2010 WL 1526440, in which the U.S. Supreme Court is considering the question of whether a district court that has denied class certification may enjoin members of the putative class from seeking class certification in state court. Thorogood's proposed ruling allows for this modification, but provides simply that after the ruling in *Smith*, "the Order, if warranted, will be modified," without specifying the court to which such a request would be directed. Pl.'s Resp., Ex. A. ¶ 7. Thorogood finds "troubling" Sears' suggestion that persons subject to this order, including the unnamed class members,

be required to seek modification of it from this Court. There is nothing troubling about it, however. An issuing court has jurisdiction to modify its injunction if circumstances change. *Sys. Fed'n No. 91, Ry. Emp. Dept., AFL-CIO v. Wright*, 364 U.S. 642, 646–48 (1961). For these reasons, the Court finds that Sears' proposed injunction reflects the Seventh Circuit's order in *Thorogood III* and should be entered.

## C. Whether the UTC Should be Sealed

Sears, in moving to file the UTC under seal, contends it contains confidential business information and Sears would be injured if it were to become public. The UTC was turned over to Thorogood's counsel in discovery pursuant to a stipulated protective order and marked confidential, Sears notes. Thorogood contends, correctly, that there is a distinction between marking information as confidential during discovery and filing that information with the court in an effort to bind the rights of the parties. *Baxter Int'l Inc. v. Abbott Lab.*, 297 F.3d 544, 545 (7th Cir. 2002). Documents that influence judicial decisions should be public unless they fall under the definition of a trade secret or other category justifying confidentiality. *Id.* Here, Sears' Motion to File the UTC Under Seal states only that the information in the document is "competitively sensitive." Asserting that something is a commercial document is not enough to justify secrecy. *Id.; see In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010)

(rejecting bid to keep indemnity agreement that affected outcome of the case sealed merely because it might give competitors an advantage in negotiation). Accordingly, Sears' Motion to File the UTC Under Seal is denied.

### III. CONCLUSION

For the reasons stated herein, this Court will enter Sears' proposed order granting it a permanent injunction, in the record as Exhibit H to Sears' reply brief. Sears' Motion to File the UTC Under Seal is denied.

**IT IS SO ORDERED.**

                                            Harry D. Leinenweber, Judge
                                            United States District Court

**DATE:** 4/18/2011